**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CATARINA DE LEON
GERONIMO; EMILY JOSEFIN DE
LEON; JENS OLIVER FRANCISCO DE
LEON,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1153

Agency Nos.
A209-870-448
A209-870-486
A209-870-449

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023**
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioners Catarina De Leon Geronimo and her two minor children,

E.J.D.L. and J.O.F.D.L., seek review of an order of the Board of Immigration

Appeals (BIA) affirming the denial of their applications for asylum, withholding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture (CAT). Petitioners assert that if they are removed to Guatemala, they will be persecuted and tortured because of their indigenous heritage.

The BIA held that petitioners' asylum and withholding-of-removal claims failed for lack of a nexus to a particular social group, and that their CAT claims failed because they did not show that it is more likely than not that they would be tortured if removed to Guatemala. We review legal questions de novo, and the agency's factual findings for substantial evidence. *Singh v. Garland*, 48 F.4th 1059, 1066 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. <u>Substantial evidence supports the BIA's denial of petitioners' asylum and withholding-of-removal claims.</u> An applicant for asylum or withholding of removal must demonstrate a nexus between the persecution she suffered or fears and a protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 356–58 (9th Cir. 2017); *Garcia v. Wilkinson*, 988 F.3d 1136, 1142–43 (9th Cir. 2021). Specifically, an asylum applicant must show that the protected ground is "one central reason" for her persecution. *Barajas-Romero*, 846 F.3d at 358; 8 U.S.C. § 1158(b)(1)(B)(i). Meanwhile, the nexus standard for withholding of removal is "less demanding," requiring the applicant to show only that the protected ground is "a reason" for her persecution. *Barajas-Romero*, 846 F.3d at 360; 8 U.S.C. § 1231(b)(3)(C).

Petitioners contend that they suffered harm that rises to the level of

persecution because of their indigenous heritage when, sometime between 2014 and 2016, their neighbors destroyed their coffee plants and cut off access to their home's electricity and water supply. And they argue that they experienced persecution again in 2016, after they had moved to another town approximately four hours away, when they received two separate threatening letters demanding that they pay money or be killed.

But the record is devoid of any evidence to support the conclusion that petitioners were harmed or threatened because of their indigenous heritage. Indeed, De Leon Geronimo's own testimony indicated that the neighbors likely tried to harm their coffee plants because they were "jealous," and "didn't like that [her partner] had [a] good harvest." And as to the threats, she never testified or indicated that she thought that the criminals targeted her and her children for their indigenous heritage as opposed to their desire for money.

Substantial evidence thus supports the BIA's conclusion that there was no nexus between the harm petitioners suffered and petitioners' indigenous heritage. The BIA did not err in finding that the neighbors' motive for destroying the coffee plants and cutting off access to electricity and water was either jealousy over their successful planting season or pecuniary gain. Either way, it was unrelated to petitioners' indigenous heritage. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (noting that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"). And substantial evidence supports the BIA's conclusion that the two threatening extortion letters petitioners

3

received in 2016 were not connected to petitioners' indigenous heritage. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In addition, because petitioners' family in Guatemala has remained in the same house and has not experienced any harm, the BIA did not err in concluding that petitioners failed to establish a well-founded fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010).

2. The procedural requirements of *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011) do not apply to this case. Petitioners now argue for the first time that the Immigration Judge (IJ) erred by not following *Ren*. *Id.* at 1090. But not only is that argument unexhausted and thus not properly before this court, 8 U.S.C. § 1252(d)(1), *Ren* is inapposite here. *Ren* applies in cases where the IJ requires corroborative evidence to supplement an applicant's credible testimony and to establish eligibility for relief. *See Ren*, 648 F.3d at 1090; *see also Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022). Here, the IJ did not deny petitioners' claims based on a failure to corroborate De Leon Geronimo's testimony, nor did she request that any additional corroborative evidence be presented.

3. Substantial evidence also supports the BIA's denial of petitioners' CAT claims. Under CAT, petitioners bear the burden of proving that they will more likely than not be tortured if they are removed to Guatemala. 8 C.F.R. § 1208.16(c)(2). Thus, they must demonstrate that they "would be subject to a

4                                                                    21-1153

particularized threat of torture, and that such torture would be inflicted by or at the instigation of or with the consent of a public official or other person acting in official capacity." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (cleaned up).

Petitioners contend that the BIA erred in denying them CAT protection because it failed to consider country-conditions evidence, which they assert establishes "the Guatemalan government's failure to protect indigenous people from torture." But the question of whether the Guatemalan government would consent or acquiesce to petitioners' torture is separate from the question of whether petitioners established a particularized threat of future torture in the first place. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (explaining that CAT "requires a two part analysis"—first, whether there is a likelihood of future torture; and second, whether there is "sufficient state action involved in that torture" (cleaned up)). The BIA expressly declined to reach the issue of government acquiescence, and thus that issue is not before this court. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And substantial evidence supports the BIA's dispositive conclusion that petitioners failed to establish a clear probability of future torture, as their family has remained in Guatemala unharmed. *See Tamang*, 598 F.3d at 1094–95.

**PETITION DENIED.**